[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 7, 2008
THOMAS K. KAHN
CLERK

No. 08-10857
Non-Argument Calendar

_____

Agency No. A97-200-783

FRANK MARTINEZ MARIN,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(November 7, 2008)**

Before ANDERSON, HULL and MARCUS, Circuit Judges.

PER CURIAM:

With counsel,[1] Frank Martinez Marin, a native and citizen of Colombia, petitions for review of the Board of Immigration Appeal's ("BIA") final order affirming the IJ's denial of his claims for asylum.[2] Marin argues that his testimony should have been deemed credible and that he established a well-founded fear of future persecution by the Revolutionary Armed Forces of Colombia ("FARC") on account of his political opinion on return to Colombia. After careful review, we deny his petition.

When considering a petition to review a BIA final order, we review legal issues de novo. Mohammed v. Ashcroft, 261 F.3d 1244, 1247-48 (11th Cir. 2001). The BIA's factual findings are reviewed under the substantial evidence test. Al Najjar v. Ashcroft, 257 F.3d 1262, 1283 (11th Cir. 2001). Under this test, we affirm the BIA's decision if it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." Id. at 1284 (quotation omitted). "To reverse a factual finding by the BIA, [we] must find not only that the evidence supports a contrary conclusion, but that it compels one." Farquharson v. U.S. Att'y. Gen., 246 F.3d 1317,

---

[1] During his appeal to the BIA, Marin filed a pro se notice of appeal and brief, which we liberally construe. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

[2] Because Marin concedes on appeal that he did not demonstrate past persecution before the IJ, and does not develop in his appellate brief arguments related to the subjection to withholding of removal or protection under United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment, he has abandoned these issues. Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

1320 (11th Cir. 2001). We review only the BIA decision except to the extent the BIA expressly adopts the Immigration Judge's ("IJ") opinion or reasoning. Al Najjar, 257 F.3d at 1284. In this case, the BIA expressly adopted the IJ's decision and expanded on the decision in its own opinion.

An alien, who is present in the United States, may apply for asylum. See 8 U.S.C. § 1158(a)(1). The Attorney General or Secretary of DHS have discretion to grant asylum if the alien meets the INA's definition of a "refugee." See 8 U.S.C. § 1158(b)(1). A "refugee" is:

> any person who is outside any country of such person's nationality . . . who is unable or unwilling to return to, and is unable or unwilling to avail himself . . . of the protection of, that country because of persecution or a well-founded fear of persecution on account of . . . political opinion . . . .

8 U.S.C. § 1101(a)(42)(A) (emphasis added). The alien carries the burden of proving statutory "refugee" status. Al Najjar, 257 F.3d at 1284.

While the INA does not define persecution, we have held that "[p]ersecution is an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation." Silva v. U.S. Att'y Gen., 448 F.3d 1229, 1237 (11th Cir. 2006) (quotations omitted). A well-founded fear of future persecution may be established by showing a reasonable possibility of personal future persecution that cannot be avoided by relocating within the subject country. 8 C.F.R. § 208.13(b)(1),

3

(2); Sepulveda, 401 F.3d at 1231. If the BIA finds that the alien could avoid a future threat by relocating to another part of his country, he cannot demonstrate a well-founded fear of persecution. See 8 C.F.R. §§ 208.13(b)(1)-(2), 208.16(b)(1)-(2); Mazariegos v. U.S. Att'y Gen., 241 F.3d 1320, 1327-28 (11th Cir. 2001).

The well-founded fear inquiry has both a subjective and objective component -- that is, the applicant must show that his fear is "subjectively genuine and objectively reasonable." Al Najjar, 257 F.3d at 1289. "The subjective component is generally satisfied by the applicant's credible testimony that he or she genuinely fears persecution." Id. "[T]he objective prong can be fulfilled either by establishing past persecution or that he . . . has a 'good reason to fear future persecution.'" Id. (quotations omitted). "Demonstrating such a connection requires the alien to present specific, detailed facts showing a good reason to fear that he . . . will be singled out for persecution on account of" a statutory factor. Id. at 1287 (quotations omitted). "[E]vidence that either is consistent with acts of private violence or the petitioner's failure to cooperate with guerillas . . ., does not constitute evidence of persecution based on a statutorily protected ground." Ruiz v. U.S. Att'y Gen., 440 F.3d 1247, 1258 (11th Cir. 2006). Additionally, when family remains in the country of origination without persecution, the petitioner's fear of future persecution may be undermined. See id. at 1259.

4

On the record here, substantial evidence supports the determination that Marin was not eligible for asylum because he did not show that he reasonably feared future persecution on account of his political opinion.[3] Marin admitted that he was not a member of a political party and his assistance to a politically involved uncle was "nothing like in the campaign or voting or anything like that." Further, Marin's testimony and statements indicated that the FARC desired to recruit him because of his computer skills and did not resort to actions beyond phone calls and in-person, non-violent requests. That the FARC targeted Marin because he failed to cooperate does not constitute persecution on account of political opinion. See Ruiz, 440 F.3d at 1258 (holding that a petitioner's failure to cooperate with guerillas does not constitute evidence of persecution).

Moreover, these phone calls and in-person requests do not compel the conclusion the Marin will be singled out for future persecution on account of his political opinion. See Silva, 448 F.3d at 1239 (holding that persecution is more than incidents of verbal harassment or intimidation). Nor can we ignore the fact that Marin's mother continued residence in Cali, Colombia without persecution. See Ruiz, 440 F.3d at 1259. In short, substantial evidence supports the determination that

---

[3] Because substantial evidence independently supports the conclusion that Marin did not have a well-founded fear of persecution based on his political opinion, we need not address whether the IJ's adverse credibility finding was supported by substantial evidence.

Marin was not entitled to asylum because he failed to establish a well-founded fear of future persecution on account of political opinion.  See Al Najjar, 257 F.3d at 1283-84.

**DENIED.**